**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRENT INGRAM, * | |
| Petitioner, * | |
| * | |
| v. * | |
| * | Civil No. AW-12-1064 |
| UNITED STATES OF AMERICA * | Crim. No. AW-10-0774 |
| Respondent * | |
| * | |
| * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

**I.   BACKGROUND**

Before the Court is Petitioner/Defendant Trent Ingram ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 18 U.S.C. § 2255. On December 10, 2010 Petitioner was charged in a one-count Indictment with possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841. On April 11, 2011, Petitioner signed a plea agreement with the government. In the plea agreement, the parties stipulated that the Petitioner was a career offender, increasing his offense level from 26 to 34. However, Petitioner's final offense level was 31, as the parties agreed to a three-level decrease due to acceptance of responsibility and timely notification of intention to plead guilty. Additionally, in the plea agreement, the government agreed not to file a notice of the Petitioner's prior felony drug convictions, which would have enhanced the mandatory minimum to which the Petitioner was subject.

On April 12, 2011, Petitioner pled guilty. Prior to sentencing, Petitioner's counsel, David Benowitz ("Mr. Benowitz"), submitted a sentencing memorandum in which he urged the Court

1

to impose a sentence of 120 months, a sentence well below the advisory range.[1] At the sentencing hearing on September 15, 2011, Mr. Benowitz's co-counsel Mirriam Seddiq ("Ms. Seddiq") again argued for a sentence of 120 months and informed the Court of Petitioner's personal circumstances.

Following an extensive Rule 11 colloquy, the Court sentenced Petitioner to 188 months' imprisonment. After noting other considerations the Court takes into account before imposing a sentence, the Court concluded that—due to Petitioner's repeated offenses, lack of respect for the law, the purpose of deterrence, and the need for consistency in sentencing—"there [was] no reason . . . to deviate from or what they call go below the suggested guideline sentence." The 188 month sentence was the minimum sentence of the guideline range. The Petitioner filed the instant Motion on April 5, 2012. Petitioner's Motion is timely pursuant to 28 U.S.C. § 2255(f).

## II.   ANALYSIS

In support of his Motion filed under 28 U.S.C. § 2255, Petitioner asserts that he was denied the effective assistance of counsel. Doc. No. 28. Petitioner argues that counsel was ineffective because: (1) "The performance of counsel for Petitioner fell below an objective standard of reasonableness"; and (2) "The mandatory application of the career offender should have merited a motion for downward departure." *Id.* at 5-6. The Court reviews claims of ineffective assistance of counsel under the well-established standard of *Strickland v. Washington*. 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance of counsel, a convicted defendant must: (1) "[S]how that counsel's performance was deficient[]" and (2) [S]how that the deficient performance prejudiced the defense." *Id.* at 688.

---

[1] Under the sentencing guidelines table, Petitioner fell within the guideline range of 188 to 235 months, as Petitioner had an offense level of 31 and a Criminal history Category VI.

As an initial matter, Petitioner's claim of ineffective assistance of counsel directly contradicts sworn statements he made during the Rule 11 colloquy. During the Rule 11 colloquy, the Court asked Petitioner: "Are you satisfied with the legal services that Mr. Benowitz has given and provided to you up to this point?" Doc. No. 34-2 at 14. The Petitioner replied "Yes, sir." *Id.* The Court then asked further questions regarding Petitioner's communications with Mr. Benowitz and co-counsel Ms. Seddiq, including discussions of legal strategy. *Id.* Petitioner answered all of those questions affirmatively and stated that he had no complaints regarding his representation. *Id.* Allegations that contradict sworn statements made during a Rule 11 colloquy create an additional burden for the Petitioner, overcome only in extraordinary circumstances.[2] *See United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 79 (1977)); *see also Fields v. Atty. General of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

The deficiency prong of the ineffective assistance of counsel prong is satisfied only by a "showing that counsel's performance was so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. When the Court reviews for deficiency of performance, the Petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. The proper guidepost for review is "prevailing professional norms," and the Court is to be "highly deferential" to counsel's decisions. *Id.* at 688-89. The Petitioner must overcome a presumption that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

---

[2] "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that dontradict the sworn statements." *Lemaster*, 403 F.3d at 221-22.

After the Petitioner establishes deficiency, he must then demonstrate that counsel's inadequate performance prejudiced him.  *Id.* at 687.  To show prejudice, the Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."  *Id.* at 694.  Even an unreasonable error by counsel cannot establish prejudice "if the error had no effect on the judgment."  *Id.* at 691 (citing *United States v. Morrison*, 449 U.S. 361, 364-65 (1981)).  Because the motion, records, and files conclusively show that the Petitioner is not entitled to relief, an evidentiary hearing is not necessary.  *See* 28 U.S.C. § 2255(b).  For the reasons stated below, counsel's service was not deficient and prejudicial, and thus Petitioner's Motion will be denied.

Petitioner's first claim is that the performance of Mr. Benowitz and Ms. Seddiq "fell below an objective standard of reasonableness."  Doc. No. 28 at 5.  In support of this claim, Petitioner hints that counsel did not properly research and investigate the facts and law relevant to his case.  Doc. No. 28-1 at 7-9.  However, Petitioner points to nothing on the record to support this claim.  Petitioner's argument amounts to a general claim of counsel's deficiency.  Such a sweeping assertion cannot support a claim of ineffective assistance of counsel, as the Petitioner must specifically "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.

Petitioner's second argument, though more specific, also fails to meet the burden to establish deficiency under *Strickland*.  Petitioner states that "[t]he mandatory application of the career offender should have merited a motion for downward departure."  Doc. No. 28 at 6.  However, in his Plea Agreement, Petitioner agreed to the stipulation that he was a career offender.  Doc. No. 34-1 at 4.  More importantly, his counsel's performance regarding this matter was not deficient because his counsel did in fact argue for a sentence below the guideline range.

*See* Doc. No. 21; Doc. No. 34-3 at 4. Both in Petitioner's Memorandum in Aid of Sentencing and at the sentencing hearing itself,[3] Petitioner's counsel argued that the Court should depart from the sentencing guidelines and impose a sentence of 120 months after taking into consideration the various factors discussed in 18 U.S.C. § 3553(a). Doc. No. 21; Doc. No. 34-3 at 2-6. The Court took note of the § 3553(a) factors and agreed that it could deviate from the sentencing guidelines in special circumstances. Doc. No. 34-3 at 12. However, the Court found that there was "just nothing in this record" to cause it to impose a sentence below the 188-month guideline minimum. *Id.* Because Petitioner's counsel was not deficient, Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, Petitioner's motion pursuant to 18 U.S.C. § 2255 is DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved

---

[3] In his Reply brief, Petitioner asserts that he has no quarrels regarding the services of Mr. Benowitz, Doc. No. 35 at 2, but rather believes that Ms. Seddiq's efforts were deficient because they had only one, five-minute meeting together prior to sentencing and Ms. Seddiq was "wholly unfamiliar with Petitioner's circumstances, and thusly unable to advocate effectively, or develop a record sufficient to allow the court to make an informed decision[.]" *Id.* at 4. This assertion is undercut by the sentencing transcript, which demonstrates Ms. Seddiq arguing for the same 120-month sentence advanced in the Petitioner's Memorandum in Aid of Sentencing and urging the Court to consider the Petitioner's personal circumstances. Doc. No. 34-3 at 2-6.

differently, or to conclude that the issues raise questions which warrant further review.

Accordingly, the Court denies a Certificate of Appealability.

    A separate Order will be issued.


\_\_February 28, 2013\_                                                        _____/s/_____
      Date                                                                       Alexander Williams, Jr.
                                                                                United States District Judge